IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02933-BNB

JOSHUA D. CARRIER,

      Plaintiff,

v.

MICHELLE LUNDSTEDT, sued in her individual capacity,
AMY FITCH, sued in her individual capacity,
ANDY BRYANT, sued in his individual capacity,
JOHN DOE, sued in his individual capacity,
JANE DOE, sued in her individual capacity,
DAN MAY, sued in his official capacity, and
COUNTY OF EL PASO, sued in its official capacity.

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
AMENDED MOTION FOR RESTRICTED ACCESS AND
TO CURE DEFICIENCIES

---

      Plaintiff, Joshua D. Carrier, alleges that he is a prisoner who is incarcerated out of state. On October 25, 2013, he submitted *pro se* a Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).

      On October 29, 2013, the Court entered a minute order directing Mr. Carrier to file within ten days a notice of change of address that clarified whether he was in the custody of the Colorado Department of Corrections (DOC) because no results were found for Mr. Carrier on a search using the inmate locator on the DOC website, www.doc.state.co.us.

      On November 6, 2013, Mr. Carrier filed a combination notice of change of address and motion to restrict access (ECF No. 6) in which he asks for a level two or

three restriction on his address.

The motion to restrict access (ECF No. 6) fails to comply with Rule 7.2 of the Local Rules of Practice for this Court concerning public access to documents and proceedings. Specifically, the Plaintiff's concern articulated in the motion that his address must be restricted for his safety is too vague and speculative to support restricting access. Plaintiff will be allowed thirty days from the date of this order in which to file an amended motion to restrict access that complies with D.C.COLO.LCivR 7.2. Rule 7.2 of the Local Rules of Practice for this Court are available at www.cod.uscourts.gov under the quick link for "Rules and Procedures." Failure to file within the time allowed an amended motion to restrict access that complies with D.C.COLO.LCivR 7.2. will result in the denial of the motion.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the submitted Complaint (ECF No. 1) and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) are deficient as described in this order. Plaintiff will be directed to cure the following if he wishes to pursue his claims. Any papers that Plaintiff files in response to this order must include the civil action number noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) ___ is not submitted
(2) ___ is missing affidavit
(3) _X_ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (the inmate transaction report submitted is in a less-than-12-point font in violation of D.C.COLO.LCivR 10.1 and only shows transactions; Plaintiff must submit a certified account statement that is in a 12-point font and includes deposits, withdrawals, and the balance in Plaintiff's inmate account).
(4) ___ is missing certificate showing current balance in prison account
(5) ___ is missing required financial information
(6) ___ is missing an original signature by the prisoner
(7) _X_ is not on proper form (must use the Court's **complete** current form revised

2

|     |     |     |
| --- | --- | --- |
|     |     | 10/01/12 with Authorization and Certificate of Prison Official) |
| (8) | ___ | names in caption do not match names in caption of complaint, petition or habeas application |
| (9) | ___ | An original and a copy have not been received by the Court. Only an original has been received. |
| (10) | X | other: § 1915 motion and affidavit and certified account statement already submitted only are necessary if $400.00 filing fee is not paid in full in advance. |

**Complaint, Petition or Application**:

|     |     |     |
| --- | --- | --- |
| (11) | ___ | is not submitted |
| (12) | X | is not on proper form (must use the Court's current form) |
| (13) | ___ | is missing an original signature by the prisoner |
| (14) | ___ | is missing page nos. ___ |
| (15) | ___ | uses et al. instead of listing all parties in caption |
| (16) | ___ | An original and a copy have not been received by the Court. Only an original has been received. |
| (17) | ___ | Sufficient copies to serve each defendant/respondent have not been received by the Court. |
| (18) | ___ | names in caption do not match names in text |
| (19) | ___ | other: |

Accordingly, it is

ORDERED that Plaintiff file **within thirty (30) days from the date of this order** an amended motion to restrict access that complies with D.C.COLO.LCivR 7.2. It is

FURTHER ORDERED that if Plaintiff fails to file an amended motion to restrict access that complies with this order within the time allowed, the motion to restrict access will be denied. It is

FURTHER ORDERED that Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved forms for filing an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov,

and shall use those forms in curing the designated deficiencies.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this order**, the complaint and the action will be dismissed without further notice.

DATED November 14, 2013, at Denver, Colorado.

                                            BY THE COURT:

                                             s/ Boyd N. Boland
                                            United States Magistrate Judge