IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02933-BNB

JOSHUA D. CARRIER,

      Plaintiff,

v.

MICHELLE LUNDSTEDT, sued in her individual capacity,
AMY FITCH, sued in her individual capacity,
ANDY BRYANT, sued in his individual capacity,
JOHN DOE JAIL COMMANDER, sued in his individual and official capacities,
JANE DOE JAIL UNDERSHERIFF, sued in her individual and official capacities,
DAN MAY, sued in his individual and official capacities, and
COUNTY OF EL PASO, sued in its official capacity,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Joshua D. Carrier, is incarcerated at Old County Correctional Facility in Bridgewater, Massachusetts. He submitted *pro se* an amended Complaint (ECF No. 10) for money damages pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed pursuant to § 1915.

The Court must construe the amended Complaint liberally because Mr. Carrier is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Carrier will be ordered to file a second amended Complaint if he wishes to pursue his claims in this action.

Mr. Carrier fails to list all Defendants in the caption to the amended Complaint, which is not on the Court-approved form for filing a Prisoner Complaint that he was directed to use in the order to cure of November 14, 2013.  The November 14 order specifically directed Mr. Carrier to obtain the Court-approved form for filing a Prisoner Complaint (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to use that form in filing the second amended Complaint.  He has failed to do so.

Local Rules 1.2 and 5.1(c) of the Local Rules of Practice--Civil for this Court require litigants to use the Court-approved forms found on the Court's website.  The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms and rejected constitutional challenges to such rules.  *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his

2

ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).   Therefore, Mr. Carrier will be directed to file a second amended Complaint on the proper, Court-approved Prisoner Complaint form.

The amended Complaint suffers from other deficiencies.  Mr. Carrier appears to be suing improper parties.  Municipalities and municipal entities, such as the County of El Paso, are not liable under § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  Plaintiff cannot state a claim for relief against El Paso County under § 1983 merely by pointing to isolated incidents.  *See Monell* , 436 U.S. at 694.

Mr. Carrier may not sue Defendants Amy Fitch, Andy Bryant, or Dan May under § 1983 because he may not sue individual prosecutors in a civil rights action.  These Defendants are entitled to absolute immunity.  This is because state and federal

3

prosecutors are entitled to absolute immunity in suits pursuant to § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978)  Mr. Carrier's allegations against these Defendants involve no more than acts that are "'intimately associated with the judicial process' such as initiating and pursuing a *Bivens*-type suits criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991).

The Court has reviewed the substance of the amended Complaint and finds that the amended Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and

4

direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

In his amended Complaint, Mr. Carrier alleges he was arrested in May 2011, unable to post bond, and made twelve telephone calls to his attorney between his arrest and October 25, 2011. He contends that the telephone calls were improperly recorded. He also contends that at a court hearing on October 25, 2011, a state court judge determined his attorney-client privilege was violated. He alleges that Michelle Lundstedt, the jail telephone coordinator, had access to the recorded telephone calls and testified at his state court proceeding that legal calls should not be recorded. He fails to make clear which, if any, of his constitutional rights were violated by Ms. Lundstedt.

In order to state a claim in federal court, Mr. Carrier "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*,

5

526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. Carrier should name as defendants in his second amended Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Mr. Carrier must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Supervisory officials, such as the jail commander and undersheriff, may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created,

6

implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Carrier may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Murphey uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the amended Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Carrier will be given an opportunity to cure the deficiencies in his amended by submitting a second amended Complaint on the Court-approved Prisoner Complaint form that sues proper parties, states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations, and lists all named defendants in the caption.

Accordingly, it is

ORDERED that Plaintiff, Joshua D. Carrier, file **within thirty (30) days from the date of this order** a second amended Complaint on the Court-approved Prisoner Complaint form that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Carrier shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the second amended Complaint.  It is

FURTHER ORDERED that, if Mr. Carrier fails to file a second amended Prisoner Complaint that complies with this order within the time allowed, some claims and Defendants, or the entire amended Complaint and action, may be dismissed without further notice.

DATED January 2, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge