IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02933-BNB

JOSHUA D. CARRIER,

Plaintiff,

v.

MICHELLE LUNDSTEDT,
AMY FITCH,
ANDY BRYANT,
JOHN DOE,
JANE DOE,
DAN MAY, and
COUNTY OF EL PASO,

Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE TO A PRESIDING JUDGE

---

Plaintiff, Joshua D. Carrier, is a prisoner incarcerated at the Old Colony Correctional Center in Bridgewater, Massachusetts. He submitted *pro se* a second amended Prisoner Complaint (ECF No. 18) pursuant to 42 U.S.C. §§ 1983 and 1988, and the Federal Wiretap Act, 18 U.S.C. §§ 2510-2521. He asks for declaratory and injunctive relief and money damages. *Pro se* litigants such as Mr. Carrier may not recover an award of attorney's fees pursuant to § 1988. *Turman v. Tuttle*, 711 F.2d 148, 149 (10th Cir. 1983).

Mr. Carrier has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks

monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Carrier is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the second amended Prisoner Complaint liberally because Mr. Carrier is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the second amended Prisoner Complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Carrier alleges that he was arrested in May 2011, was unable to post bond, and made twelve telephone calls to his attorney of record between his arrest and October 25, 2011. He contends that the telephone calls were improperly recorded. He also contends that at a court hearing on October 25, 2011, a state court judge determined his attorney-client privilege was violated. He alleges that Michelle Lundstedt, the jail telephone coordinator, had access to the recorded telephone calls and testified at his state court proceeding that legal calls should not be recorded. He

also alleges that Defendants Amy Fitch and Andy Bryant, who are prosecuting attorneys, had access to the recorded calls, as well as "two volunteers for the district attorney's office, a district attorney's investigator and the Colorado Springs Police Department." ECF No. 18 at 5. He complains that, as a result of the October 25 hearing, his attorney was unable to continue to prepare for his upcoming trial, causing Mr. Carrier to hire an additional attorney and request an extension of time. He makes the vague and conclusory allegation that "two trials were combined after the initial trial date." ECF No. 18 at 6, 9, and 14. On the basis of these allegations, he alleges that his rights under the First, Fourth, Fifth, and Sixth amendments were violated.

"[T]he attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right." *Howell v. Trammell*, 728 F.3d 1202, 1222 (10th Cir. 2013) (citations omitted). "[W]hen the [F]ifth and [S]ixth [A]mendments are considered together, the individual accused of crime does seem to have a right to attorney-client privilege." *Id.* (citation omitted). "A violation of the attorney-client privilege implicates the Sixth Amendment right to counsel *only* . . . *when* the government interferes with the relationship between a criminal defendant and his attorney." *Id.* (emphasis in original). Therefore, Mr. Carrier's claims that his rights to attorney-client privilege under the First and Fourth amendments will be dismissed.

Mr. Carrier fails to make any allegations against Defendant Dan May, a prosecuting attorney. Plaintiff was informed in the order for a second amended complaint (ECF No. 16) that in order to state a claim in federal court he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the

defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). In addition, prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court. *Nielander v. Board of County Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 425-28 (1976)). Mr. May will be dismissed as a party to this action.

Mr. Carrier's allegations against the John and Jane Doe Defendants do not rise to the level of a constitutional violation. He complains that, after the hearing, he was approached by John Doe, the El Paso County Jail commander, and "I informed him of the complaint and violation." ECF No. 18 at 7, 9, 11, and 14. He also complains that after the hearing, Jane Doe, the El Paso County Jail undersheriff, was approached by "both the news media, and my attorney about this violation." *Id.* These allegations do not constitute a constitutional violation. The John and Jane Doe Defendants will be dismissed as parties to this action.

Mr. Carrier may not sue the County of El Paso. Municipalities and municipal entities, such as the County of El Paso, are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of*

*Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief against El Paso County under § 1983 merely by pointing to isolated incidents. *See Monell* , 436 U.S. at 694. Mr. Carrier does not make factual allegations to support a claim that an El Paso County policy or custom exists and there is a direct causal link between the policy or custom and the injury alleged. The County of El Paso will be dismissed as a party to this lawsuit.

Accordingly, it is

ORDERED that the request by Plaintiff, Joshua D. Carrier, for attorney's fees pursuant to 42 U.S.C. § 1988 is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that the claims asserted by Plaintiff that his rights under the First and Fourth amendments have been violated are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that the claims asserted against Defendants, John Doe, Jane Doe, Dan May, and the County of El Paso are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that John Doe, Jane Doe, Dan May, and the County of El Paso are dismissed as parties to this action. It is

FURTHER ORDERED that remaining claims asserted by Plaintiff that his rights under the Fifth and Sixth amendment were violated asserted against the remaining Defendants, any claims he may be attempting to assert pursuant to the Federal Wiretap Act, and the case are drawn to a presiding judge and, if appropriate, to a magistrate judge. It is

FURTHER ORDERED that the only remaining Defendants are Michelle Lundstedt, Amy Fitch, and Andy Bryant.

DATED April 18, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court