IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02933-PAB-CBS

JOSHUA D. CARRIER,

    Plaintiff,

v.

MICHELLE LUNDSTEDT,
AMY FITCH, and
ANDY BRYANT,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 48] filed on December 22, 2014. The magistrate judge recommends that the Motion to Dismiss Second Amended Prisoner Complaint (Doc. No. 18) Pursuant to Fed.R.Civ.P. 12(b)(1) and (6) [Docket No. 34] filed by defendants Michelle Lundstedt, Amy Fitch, and Andy Bryant be granted. Docket No. 48 at 23. The Court granted plaintiff an extension of time to file an objection to the Recommendation, Docket No. 50; thus, plaintiff's objection [Docket No. 51] filed February 6, 2015 is timely. In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).[1]

---

[1] The Recommendation sets forth the background facts, which will not be restated here except as relevant to resolving plaintiff's objection. *See* Docket No. 48 at 1-3.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by plaintiff. Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added). To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *See id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)); *see also Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("an objection stating only 'I object' preserves no issue for review"). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

Plaintiff first argues that the Recommendation erred in concluding that defendants Fitch and Bryant were entitled to Eleventh Amendment immunity. Docket No. 51 at 2-3. Plaintiff states that he "disagrees that the defendants were acting consistent with conduct related to their professional duties. The defendants are not entitled to the Eleventh Amendment immunity, since they were acting as county employees not state or government employees, which are entitled to this immunity." *Id.*

2

It is unclear to which aspect of the Recommendation plaintiff directs his argument. The Recommendation concluded that defendants Fitch and Bryant have prosecutorial immunity from plaintiff's 42 U.S.C. § 1983 claims against them in their individual capacities, Docket No. 48 at 7, and that plaintiff's § 1983 claims against defendants Fitch and Bryant in their official capacities were barred by the Eleventh Amendment. *Id.* at 15. Prosecutorial immunity applies only to those claims brought against defendants in their individual capacities and does not therefore implicate the Eleventh Amendment, which applies only to claims brought directly against a state, its agencies, and its officials sued in their official capacities. *See Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) (distinguishing between prosecutorial immunity and Eleventh Amendment immunity). Thus, the Recommendation did not conclude, as plaintiff's argument could be construed to suggest, that defendants Fitch and Bryant were granted Eleventh Amendment immunity in their individual capacities.

To the extent plaintiff's argument can be construed as asserting that defendants Fitch and Bryant were incorrectly granted prosecutorial immunity for claims against them in their individual capacities, the Court disagrees. The only aspect of plaintiff's argument arguably relevant to the issue of prosecutorial immunity is plaintiff's claim that defendants Fitch and Bryant were not acting "consistent with conduct related to their professional duties." Docket No. 51 at 2. The Court construes this as an argument that plaintiff's individual capacity claims against defendants Fitch and Bryant implicated conduct outside the "judicial process" such that they are not protected by prosecutorial immunity. *See Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994). Prosecutors are entitled to absolute immunity for suits brought pursuant to § 1983 for activities

"intimately associated with the judicial . . . process." *Id.* (quotations and emphasis omitted). In determining what types of activities fall into this category, "the determinative factor is 'advocacy'" such that "the more distant a function is from the judicial process and the initiation and presentation of the state's case, the less likely it is that absolute immunity will attach." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991). Plaintiff's complaint alleges that defendants Fitch and Bryant received a list of the phone calls that he made from jail, that defendants Fitch and Bryant had access to tapes of those calls, and that the tapes were being categorized and "beginning to be listened to," although he does not say by whom. *See, e.g.*, Docket No. 18 at 8. Although the Recommendation concluded that such activities fell within the judicial process, plaintiff "disagrees that the fact of knowingly retrieving" the recording of his phone calls was within the scope of defendants Fitch's and Bryant's "prosecutorial duties." *See* Docket No. 51 at 3. However, plaintiff does not point to any allegations that support his argument[2] and fails to account for the fact that "prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, . . . and their determination of what information to show the court." *See Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan*, 582 F.3d 1155, 1164 (10th Cir. 2009). Plaintiff's allegations suggest that, at most, defendants Fitch and Bryant were engaging in evidence gathering and

---

[2]Plaintiff also argues that defendants Fitch's and Bryant's activities were "outside policies and procedures, or the policies and procedures were not in place to prevent this action." Docket No. 51 at 3. Plaintiff does not, however, explain which policies and procedures he is referring to and such allegations do not appear in the amended complaint. Thus, the Court rejects plaintiff's argument on this point.

4

evaluation activities for which they are entitled to prosecutorial immunity.[3]  Plaintiff provides no persuasive basis for concluding otherwise.

The Court turns to plaintiff's claims against defendants Fitch and Bryant in their official capacities.  Plaintiff's primary argument appears to be that defendants Fitch and Bryant were acting as county employees and are not therefore entitled to Eleventh Amendment immunity.  Docket No. 51 at 2; *see also id.* at 5.  Plaintiff is incorrect.  An official capacity suit brought against a public employee in his or her official capacity is in actuality a suit against the official's employer or office.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Defendants Fitch and Bryant are employees of the Fourth Judicial District Attorney, Docket No. 18 at 2, which the Tenth Circuit considers a state office under Colorado law.  *See Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989) ("Office of the District Attorney [is] entitled to Eleventh Amendment immunity in this case.")*; see also Romero v. Boulder Cnty. DA's Office*, 87 F. App'x 696, 698 (10th Cir. 2004) (unpublished).  As a result, plaintiff's claims against defendants Fitch and Bryant in their official capacities are considered claims against the state and are therefore barred by the Eleventh Amendment.  *See Rozek*, 865 F.2d at 1158.  The Court finds no error in this aspect of the Recommendation.[4]

---

[3]The Recommendation stated that "Mr. Carrier argues in his Response, but does not allege in the SAC, that both Defendants also testified falsely in open court as witnesses."  Docket No. 48 at 7.  The Recommendation concluded that, although prosecutorial immunity does not protect prosecutors who testify as witnesses, witnesses are absolutely immune from damages liability based upon their testimony. *Id.*  Plaintiff does not challenge this aspect of the Recommendation and the Court finds no clear error on the face of the record.

[4]Plaintiff's citation to *Goldstein v. City of Long Beach*, 715 F.3d 750 (9th Cir. 2012), is unpersuasive.  In *Goldstein*, the Ninth Circuit relied upon California law in

Plaintiff objects to the Recommendation's conclusion that he failed to state a claim for violation of his Sixth Amendment right to counsel against defendant Lundstedt. Docket No. 51 at 3. The Recommendation concluded that a violation of attorney-client privilege "implicates the Sixth Amendment right to counsel only . . . when the government interferes with the relationship between a criminal defendant and his attorney." Docket No. 48 at 8 (quoting *Partington v. Gedan*, 961 F.2d 852, 863 (9th Cir. 1992)). The Recommendation determined that plaintiff's allegations did not state a plausible claim that plaintiff "was injured by, or the prosecution benefitted from, the interception of his twelve outgoing phone calls." *Id.* at 9.

Plaintiff argues that the allegations in the second amended complaint are sufficient to state a plausible claim that he was injured by the violation of his Sixth Amendment right to counsel. Docket No. 51 at 3-4. The Sixth Amendment guarantees an accused the right to counsel "in order to secure the fundamental right to a fair trial guaranteed by the Due Process Clause of the Fourteenth Amendment." *Shillinger v. Haworth*, 70 F.3d 1132, 1141 (10th Cir. 1995) (citing *Strickland v. Washington*, 466 U.S. 668, 684-85 (1984)). "When the government deliberately interferes with the confidential relationship between a criminal defendant and defense counsel, that interference violates the Sixth Amendment right to counsel if it substantially prejudices

---

concluding that the Los Angeles County District Attorney represents the county when establishing policy and training related to the use of jailhouse informants. *Id.* at 762. Here, Colorado law governs whether the district attorney's office is considered an arm of the state and, moreover, as discussed above, plaintiff's complaint fails to allege sufficient facts upon which to conclude that defendants Fitch's and Bryant's activities were not directly related to the judicial process. *Cf. id.* (considering challenge to "administrative policy and accompanying training, rather than prosecutorial training and policy").

the criminal defendant." *Williams v. Woodford*, 384 F.3d 567, 584-85 (9th Cir. 2002) (citing *Weatherford v. Bursey*, 429 U.S. 545, 557-58 (1977)); *see also Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010) ("[i]n order to state a § 1983 cognizable claim for deprivation of right to counsel, there must be some allegation indicating an interference with the prisoner's relationship with counsel"). Construing the second amended complaint liberally, the Court understands plaintiff to allege that, by failing to add his attorney's phone number to the "phone list," defendant Lundstedt caused his attorney-client telephone conversations to be recorded and made available to prosecutors. For the sake of argument, the Court also considers plaintiff's assertion in his response brief that El Paso County's policy of recording inmate phone calls chilled his "ability to freely contact his attorney." Docket No. 38 at 5.[5] Plaintiff must therefore allege sufficient facts to state a plausible claim that he suffered prejudice as a result of such conduct.

Prejudice does not lie unless the alleged interference created "at least a realistic possibility of injury to [the criminal defendant] or benefit to the State. *Weatherford*, 429 U.S. at 558. The Sixth Amendment does not protect against all injuries; rather, "the 'benchmark' of a Sixth Amendment claim is 'the fairness of the adversary proceeding.'" *Shillinger*, 70 F.3d at 1141 (quoting *Nix v. Whiteside*, 475 U.S. 157, 175 (1986)). "Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated." *United States v. Cronic*, 466

---

[5]Plaintiff's second amended complaint indicates that an attorney may contact the El Paso County Criminal Justice Center and ask that his or her phone number be added to a "do not record list," in which case attorney-client telephone conversations are not recorded. Docket No. 18 at 6. Inmates are not, however, allowed to add their attorneys to the "do not record list." *Id.* It is this latter aspect of El Paso County policy that appears to give rise to plaintiff's claims.

U.S. 648, 658 (1984). Substantial prejudice therefore can result from "the introduction of evidence gained through the interference against the defendant at trial, from the prosecution's use of confidential information pertaining to defense plans and strategy, and from other actions designed to give the prosecution an unfair advantage at trial." *Williams*, 384 F.3d at 585.

> The Supreme Court has held that,
>
> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Here, because plaintiff must challenge the reliability of the trial process in order to establish that the alleged interference in his relationship with trial counsel violated plaintiff's Sixth Amendment rights, *see Shillinger*, 70 F.3d at 1141, a judgment in plaintiff's favor would call into question whether plaintiff's conviction was obtained in violation of his Sixth Amendment rights.[6] *See, e.g.*, *Brown v. Gulash*, 2011 WL 2516765, at *2 (S.D. Ill. June 23, 2011) (ruling that plaintiff's § 1983 Sixth Amendment claims alleging government interception of attorney-client communications "would necessarily call into question Brown's conviction"). Plaintiff does not allege that his conviction has been overturned and the Court has no basis for

---

[6]The Court has no basis upon which to conclude that harmless error or any other doctrine would "allow the recognition of a constitutional violation while upholding the conviction itself as constitutional." *See Pearson v. Weischedel*, 349 F. App'x 343, 347 (10th Cir. 2009) (unpublished) (holding that favorable finding on due process and Fourth Amendment claims would not necessarily imply the invalidity of underlying conviction).

concluding that, if given the opportunity, plaintiff could establish such a fact.[7]  Plaintiff's Sixth Amendment claims for monetary relief against defendant Lundstedt are therefore dismissed for failure to state a claim.  *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011) ("Our precedent holds that the dismissal of a civil rights suit for damages based on prematurity under *Heck* is for failure to state a claim.").[8]

Plaintiff argues that the Recommendation erred in concluding that he failed to

---

[7] The Court takes judicial notice of the docket sheets from plaintiff's criminal case and subsequent appeal.  *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).  According to the docket sheet in the underlying criminal case, plaintiff was convicted by a jury in October 2012.  *People v. Carrier*, 2011CR1695 (El Paso Cnty. Dist. Ct. Oct. 26, 2012).  According to the Colorado Court of Appeals Register of Action, plaintiff's appeal was filed with the Colorado Court of Appeals on April 8, 2013 and his opening brief is due April 23, 2015.  *See People v. Carrier*, 2013CA645 (Colo. App.).

[8] Plaintiff does not appear to seek injunctive relief from defendant Lundstedt; thus, there appears to be no remaining aspect of his Sixth Amendment claims against her.  Nonetheless, even if the Court were to consider whether plaintiff has pled sufficient facts to establish prejudice under the Sixth Amendment, plaintiff's allegations are insufficient.  The Court is not convinced that plaintiff has alleged sufficient facts so as to be entitled to a presumption of prejudice.  *See Shillinger*, 70 F.3d at 1132 (applying presumption of prejudice where prosecutor was given information regarding private attorney-client conversations, used information at trial, and no countervailing state interest for using the information was established).  The allegations upon which plaintiff otherwise relies do not establish prejudice under the Sixth Amendment.  The fact that disclosure of the recorded attorney-client conversations to the prosecution chilled plaintiff's ability to contact his attorney or caused plaintiff to have to request to postpone the trial and hire an additional attorney does not, without more, make plausible a claim that the reliability of the trial process was negatively impacted.  *See Cronic*, 466 U.S. at 658.  Plaintiff does not, for example, allege that prosecutors ever used the recorded conversations against him or were able to learn his attorney's trial strategy.  Even if the Court could properly consider the affidavit of plaintiff's criminal attorney Christopher Decker attached to plaintiff's objection in resolving defendants' motion to dismiss, Mr. Decker's affidavit indicates only that his ability to communicate with plaintiff was compromised because he limited their conversations to in-person visitations.  Docket No. 51 at 9.  Mr. Decker does not suggest that his ability to effectively represent plaintiff was compromised or that the fairness of the criminal proceedings was negatively impacted as a result.  *See* Docket No. 51 at 9.

state a due process claim against defendant Lundstedt. Docket No. 51 at 4. The Recommendation stated that, in order to state a substantive due process claim, plaintiff must establish that a defendant's alleged actions shock the conscience, a standard which plaintiff's allegations failed to meet. Docket No. 48 at 12-13 (citing *inter alia* *Graves v. Thomas*, 450 F.3d 1215, 1220 (10th Cir. 2006); *Uhlrig v. Harder*, 64 F.3d 567, 573 (10th Cir. 1995)). Plaintiff concedes that the Recommendation applied the correct legal standard, but disagrees with the result. Plaintiff asserts that the judge in the underlying criminal case "found that [defendant's actions] did 'shock the conscience' enough to file sanctions on the prosecution not allowing them to use any jail recorded phone calls requested." Docket No. 51 at 4. Plaintiff also argues that, because he asked her not to do so, defendant Lundstedt's recording of his attorney-client conversations constituted "deliberate government action." *Id.* at 4-5. The Fourteenth Amendment contains a substantive guarantee that protects against conduct by state and local officials that "shocks the conscience" or "afford[s] brutality the cloak of law." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). To satisfy this standard, "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power. That is, the plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Uhlrig*, 64 F.3d at 574. Plaintiff fails to state a plausible claim that defendant Lundstedt acted with the requisite state of mind. The second amended complaint alleges that defendant Lundstedt knew that legal calls should not be recorded, but this, by itself and in conjunction with other allegations regarding defendant Lundstedt's conduct, does not plausibly state that defendant

Lundstedt acted intentionally or recklessly to cause plaintiff injury under the Sixth Amendment or that it was an abuse of power for her to follow the common practice of not allowing inmates "to add their lawyers on a do not record list." Docket No. 18 at 10-11. Moreover, plaintiff does not establish that he was injured. The second amended complaint does not allege that prosecutors used information to plaintiff's detriment; rather, plaintiff asserts that the trial judge found a violation of attorney-client privilege and prohibited the prosecution from using the recorded calls at trial. Docket No. 51 at 4. Plaintiff does not claim, for example, that prosecutors were able to learn from the recordings relevant information regarding his attorney's trial strategy. The fact that the trial judge may have ruled that the recording of attorney-client calls "shock[ed] the conscience" – an allegation not contained in the second amended complaint – is not binding on the Court. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 126 (1992) (explaining that standard for judgment on substantive due process claim is whether alleged conduct would "shock the conscience of *federal judges*" (quotations omitted, emphasis added)). Defendant Lundstedt's conduct as alleged in the second amended complaint does not demonstrate a "potential or actual harm that is truly conscience shocking." *See Uhlrig*, 64 F.3d at 574.

Plaintiff argues that he should be permitted to amend his due process claim, but does not suggest what amendments he would make if given the opportunity. Docket No. 51 at 5. Nothing in plaintiff's filings to this point indicates that amendment could cure the above-identified deficiencies. As a result, the Court concludes that amendment would be futile and denies plaintiff's request for leave to amend his due process claim. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West,*

*Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The Court finds no error in the Recommendation's conclusion that plaintiff failed to state a due process claim.

Plaintiff states that he "disagrees" with Recommendation's conclusion that he failed to state a claim against defendant Lundstedt in her official capacity. Docket No. 51 at 6. Plaintiff also states that the "issue of recording attorney-client phone calls are either a policy or a wide spread practice of the defendants" and that "all of the defendants did in fact injure the Plaintiff and violate the plaintiff's constitutional rights." *Id.* at 5-6. Plaintiff does not provide a legal or factual basis for this particular disagreement with the recommendation and, as a result, this aspect of his objection is unsupported. The Court finds no error in the Recommendation's conclusion that, because plaintiff "fails to allege a prerequisite constitutional violation against Defendant Lundstedt, he fails to state a claim for relief against her in her official capacity." Docket No. 48 at 17.

Plaintiff's remaining arguments are without merit or insufficiently specific so as to trigger de novo review. *See Thomas*, 474 U.S. at 150. Plaintiff suggests that he should be given the opportunity to conduct discovery, but does not indicate what additional facts may be revealed through discovery that would allow him to better plead his claims. No such facts are apparent to the Court. Plaintiff complains that the Recommendation should not have mentioned details regarding the underlying criminal case, but his argument that such information may "bias any person that would read the decision" is unpersuasive. Docket No. 51 at 7. Plaintiff argues that the Recommendation incorrectly recommended dismissal of his claim under the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*, but does not identify which aspect of the magistrate judge's

ruling was incorrect or distinguish authority upon which the Recommendation relied. Plaintiff's objection to the Recommendation's conclusion regarding qualified immunity and his claim for denial of access to courts is insufficiently specific. *See Lockert*, 843 F.2d at 1019.

The Court has reviewed the remainder of the Recommendation and is otherwise satisfied that there exists no clear error on the face of the record. *See Thomas*, 474 U.S. at 150.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 48] is **ACCEPTED** in part. It is further

**ORDERED** that Motion to Dismiss Second Amended Prisoner Complaint (Doc. No. 18) Pursuant to Fed.R.Civ.P. 12(b)(1) and (6) [Docket No. 34] is **GRANTED** as indicated in this order. It is further

**ORDERED** that plaintiff's claims against defendants Fitch and Bryant in their official capacities are **DISMISSED** without prejudice based upon Eleventh Amendment immunity. It is further

**ORDERED** that plaintiff's claims against defendants Fitch and Bryant in their individual capacities are **DISMISSED** with prejudice based on prosecutorial immunity. It is further

**ORDERED** that plaintiff's claims against defendant Lundstedt in her individual and official capacities are **DISMISSED** for failure to state a claim. It is further

**ORDERED** that this case is closed in its entirety.

DATED March 4, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge