IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02933-PAB-CBS

JOSHUA D. CARRIER,

    Plaintiff,

v.

MICHELLE LUNDSTEDT,
AMY FITCH, and
ANDY BRYANT,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's Motion for a Relief from Judgement [sic] in Accordance with Fed. R. Civ. P. 60 [Docket No. 58]. In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

The Court accepted the recommendation of the magistrate judge and dismissed all of plaintiff's claims on March 4, 2015. Docket No. 53. Plaintiff claims that he did not receive notice of that judgment until the Clerk of Court mailed plaintiff an additional copy of the final judgment in December 2016. Docket No. 58 at 1; *see also* Docket No. 57. On February 6, 2017, plaintiff filed his motion requesting relief from judgment pursuant to Fed. R. Civ. P. 60.

Relief after judgment is discretionary and only appropriate for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Because such relief is "extraordinary and may only be granted in exceptional circumstances," *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000), parties seeking relief under Rule 60(b) have a high hurdle to overcome; a Rule 60(b) motion should not be treated as a substitute for an appeal. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005). Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted). "Relief under Rule 60(b)(6) is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Cashner v. Freedom Stores*, Inc., 98 F.3d 572, 580 (10th Cir. 1996) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990)). Courts have granted relief under Rule 60(b)(6) "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable," where a party is indigent, or when it offends justice to deny such relief. *Id.* at 579; *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231-32 (10th Cir. 1999).

Plaintiff argues that he should be granted relief from judgment because the Court

improperly placed the burden of proof on plaintiff for certain issues and did not take his allegations as true. Docket No. 58 at 3. In particular, plaintiff notes that the Court stated that he provided "no persuasive basis for" concluding that defendants Fitch and Bryant, who were prosecutors, were not entitled for prosecutorial immunity. *See* Docket No. 53 at 5. Plaintiff is mistaken. The magistrate judge assumed that plaintiff's allegations that defendants Fitch and Bryant had access to recordings of phone calls that plaintiff made to his attorney were true. Docket No. 48 at 6-7. Nonetheless, the magistrate judge correctly determined that, even assuming plaintiff's allegations were true, defendants Fitch and Bryant were entitled to immunity from plaintiff's 42 U.S.C. § 1983 claims against them in their individual capacities. *Id.*; *see also Nielander v. Board of County Comm'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009) ("Prosecutors are entitled to absolute immunity for . . . their investigatory or evidence-gathering actions.") (citation omitted). Plaintiff's objection to the magistrate judge's recommendation did not state a persuasive basis to conclude otherwise and, on de novo review, the Court accepted the magistrate judge's recommendation that, even if plaintiff's allegations were assumed to be true, plaintiff's claims must be dismissed due to prosecutorial immunity. Docket No. 53 at 4-5. Plaintiff has not shown that relief from judgment is warranted in this case and the Court will deny his motion.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for a Relief from Judgement [sic] in Accordance with Fed. R. Civ. P. 60 [Docket No. 58] is **DENIED**.

DATED September 7, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge